## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Shanthan Chintala, | CIVIL ACTION FILE NO.: |
| Plaintiff, | |
| v. | |
| General Dynamics Mission Systems, Inc., d/b/a General Dynamics OTS-(Aerospace) Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

### Introduction

1.     Shanthan Chintala ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of General Dynamics Mission Systems, Inc. d/b/a General Dynamics OTS-(Aerospace) Inc. ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by his attorneys.

2.   The TCPA was designed to prevent calls and text messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of

privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.    As Judge Easterbrook of the Seventh Circuit explained in a TCPA case:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

> *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.    Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Dekalb, State of Georgia because it is a corporation registered with the Georgia Secretary of State and it conducts business is in the County of Dekalb, State of Georgia. Furthermore, the facts giving rise to this action, namely the text messages sent to Plaintiff, occurred in the City of Atlanta, State of Georgia.

## Parties

8.    Plaintiff is, and at all times mentioned herein was, a resident of the City of Atlanta, County of Dekalb, State of Georgia.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is located in the City of Fairfax, in the State of Virginia.

11. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

12. At all times relevant, Defendant conducted business in the State of Georgia and the County of Dekalb, within this judicial district.

**Factual Allegations**

13. In approximately June of 2020, Plaintiff started receiving 20-30 text messages per day from Defendant, such as the one attached hereto as "Exhibit A".

14. From June of 2020 through December of 2020, Defendant texted Plaintiff on Plaintiff's cellular telephone number ending in 4755 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. This is evidenced by the text messages from Defendant to Plaintiff stating "This is an auto-generated e-mail…" See Exhibit A.

16. Plaintiff has received over 5,000 text messages from June of 2020 to the present.

17. Defendant texted Plaintiff from the phone number (410) 200-745.

18. At some point in the first couple of months of receiving these text messages, Plaintiff forwarded one of the text messages to the number for an administrator of Defendant that was listed in one of the text messages sent to Plaintiff.

4

19. Additionally, within the first couple of months of receiving these text messages, Plaintiff called Defendant to ask them to stop sending text messages to Plaintiff. In response to Plaintiff's request, Defendant's representative hung up on Plaintiff in the middle of the phone call.

20. Finally, Plaintiff sent a certified receipt letter dated November 25, 2020, asking Defendant to stop texting Plaintiff. Despite all of these efforts, Defendant has not stopped texting Plaintiff.

21. Because Plaintiff's text message inbox is constantly inundated, he is unable to keep track of messages from friends and family.

22. Because his text message inbox is constantly full, Plaintiff missed very important text messages from friends, family, and others.

23. As a result of Defendant's text messages, Plaintiff has to turn his phone off during periods of the day when he is working or wants to sleep without the constant barrage of incoming text messages.

24. Plaintiff's cellular phone has constantly been ringing for nearly six months with no relief.

25. The texts from Defendant's telephone number to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

26. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

27. Plaintiff requested multiple times that Defendant not text Plaintiff's cellular telephone.

28. Plaintiff never provided permission nor consent for Defendant to text Plaintiff

on his cellular telephone number.

29.  The telephone number Defendant texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227(b)(1).

30.  The text messages constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31.  Plaintiff did not provide Defendant or its agent(s) prior express consent to receive the texts on or about June of 2020 through December of 2020 to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

32.  The text messages by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

<h3 style="text-align:center">First Cause of Action</h3>

<h3 style="text-align:center">Negligent Violations Of The</h3>

<h3 style="text-align:center">Telephone Consumer Protection Act (TCPA)</h3>

<h3 style="text-align:center">47 U.S.C. 227</h3>

33.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct

in the future.

## Second Cause of Action
## Knowing and/or Willful Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

37.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.   Plaintiff made several requests for Defendant to stop texting his cell phone, including a text message, a phone call, and a certified receipt letter sent to the Defendant.

39.   After Plaintiff requested Defendant stop texting his cell phone, each text constitutes a knowing and/or willful violation of the TCPA.

40.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.   Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Trial By Jury

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  December 28, 2020.          Respectfully submitted,

**THE KOVAL FIRM, LLC**

By: s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.


Dated:  December 28, 2020.                    Respectfully submitted,

**THE KOVAL FIRM, LLC**

By: <u>s/Steven H. Koval</u>
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com